UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREG PRICE,

    Plaintiff,

v.

                                      Case Number 12-15028
                                      Honorable Thomas L. Ludington

PBG HOURLY PENSION PLAN et al.,

    Defendant.

    _____/

**OPINION AND ORDER DENYING PLAINTIFF'S RULE 60(B) MOTION**

Does *may* mean *cannot*? The venue provision of the Employee Retirement Income Security Act of 1974 (ERISA) provides that an action "*may* be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2) (emphasis added).

Plaintiff Greg Price asserts that this *may* means that the menu of options cannot be narrowed by private agreement. This Court, in accord with the "vast majority"[1] of courts to have considered the issue, cannot agree.

**I**

Plaintiff worked for Defendant Bottling Group, LLC for twelve years. As part of his employment, Plaintiff was enrolled in a pension plan. The plan contains a disability benefits provision. It also contains a forum selection clause providing that actions regarding the plan "shall only be brought or filed in the United States District Court for the Southern District of New York."

---

[1] *E.g.*, *Klotz v. Xerox Corp.*, 519 F. Supp. 2d 430, 435 (S.D.N.Y. 2007) (observing that "[t]he vast majority of district courts have enforced forum selection clauses in ERISA plans").

After Plaintiff brought suit in this Court alleging a breach of the pension plan, Defendant moved to transfer the case to the forum selected in the plan. The Court granted the motion. *Price v. PBG Hourly Pension Plan*, --- F.Supp.2d ----, 2013 WL 450932 (E.D. Mich. 2013).

Plaintiff did not move for reconsideration of that decision. (Under the local rules, he had 14 days to do so. E.D. Mich. L.R. 7.1.)

Instead, 28 days after the entry of the opinion Plaintiff filed a motion for relief pursuant to Rule 60(b). Asserting that the enforcement of the forum selection clause was "a legal error," Plaintiff relies on a decision of the United States District Court for the Northern District of Illinois, *Coleman v. Supervalu, Inc. Short Term Disability Program*, --- F.Supp.2d ----, 2013 WL 365263 (N.D. Ill. Jan. 31, 2013). That court refused to enforce a forum selection clause in an ERISA plan, finding it contrary to "the strong public policy announced by Congress in ERISA." *Coleman*, 2013 WL 365263, at *5.

**II**

Plaintiff is not entitled to relief pursuant to Rule 60(b). The Sixth Circuit observes that it is "well-established . . . that Rule 60(b) applies only to final, appealable judgments." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 840 (6th Cir. 2011), *cert. denied*, 133 S. Ct. 286 (2012). "It is entirely settled," Wright and Miller further observe, "that an order granting or denying a motion to transfer venue . . . is interlocutory in character and not immediately appealable." 15 Charles Allen Wright et al., *Federal Practice & Procedure* § 3855 (3d ed. 2007) (collecting cases).

Rule 60(b) simply does not apply to an order transferring venue. *See, e.g.*, *Zukowski v. Germain*, 2:09-CV-662, 2010 WL 4809329, at *10 (S.D. Ohio Nov. 18, 2010). Plaintiff's motion must be denied.

**III**

Even if Plaintiff had found a proper vehicle for this Court to reconsider its decision, which he did not, he would nevertheless not persuade the Court to reverse course and bring the case back to Bay City.

As a threshold matter, Plaintiff is correct that the court in *Coleman* refused to enforce a forum selection clause in an ERISA plan on public policy grounds.  The court also acknowledged, however, that its decision was contrary to the "substantial majority" of decisions and that "the general consensus [is] that Congress would have needed to speak much more clearly to prevent private parties from agreeing to a particular venue ex ante."  *Coleman*, 2013 WL 365263, at *4 (collecting cases); *see also Smith v. Aegon USA, LLC*, 770 F. Supp. 2d 809, 812 (W.D. Va. 2011) (noting that the "majority of district courts" have upheld forum selection clauses and finding only one decision that had not).

This Court agrees with the general consensus.  ERISA's venue provision, as noted, provides that an action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found."  29 U.S.C. § 1132(e)(2).

As numerous other courts have observed, "Nothing in the statutory language bars those negotiating ERISA plans from narrowing that menu of options to one venue in particular." *Rodriguez v. PepsiCo Long Term Disability Plan*, 716 F. Supp. 2d 855, 861 (N.D. Cal. 2010); *see, e.g.*, *Klotz v. Xerox Corp.*, 519 F. Supp. 2d 430, 436 (S.D.N.Y. 2007) ("[N]othing in ERISA's statutory text or legislative history evinces any intent by Congress to preclude private parties from limiting venue to one of the three forums permitted by the statute.").

The *may* of § 1132(e)(2) does not mean *cannot*. Congress provided that an action *may* be brought in several venues. Congress did not provide that private parties *cannot* narrow the options to one of these venues.

### IV

Accordingly, it is **ORDERED** that Plaintiff's motion for relief pursuant to Rule 60(b) (ECF No. 10) is **DENIED**.

                                               s/Thomas L. Ludington
                                               THOMAS L. LUDINGTON
                                               United States District Judge

Dated: April 15, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 15, 2013.

                               s/Tracy A. Jacobs
                               TRACY A. JACOBS